**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 04-cv-01384-REB-CBS

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS, and
RICHARD LEE SISEMORE,

    Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

    Defendant.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following motions: 1) defendant's motion for summary judgment [#90]; and 2) plaintiff's **Motion for Partial Summary Judgment on the Issue of Liability** [#91], both filed on December 30, 2005. The parties have filed responses and replies addressing both motions. I deny both motions.[1]

---

[1] The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. 1333** (federal question).

## II. STANDARD OF REVIEW

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. **Farthing v. City of Shawnee, Kan**. 39 F.3d 1131, 1134 (10th Cir. 1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," **Id.** at 1135 (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Id.** (citing **Anderson**, 477 U.S. at 248).

I have carefully reviewed the record in this case, including the pleadings, discovery, and affidavits on file. I have carefully considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers. I have employed the analysis required by apposite law. **See Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986); **Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986); **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986); **Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.**, 912 F.2d 1238, 1241 (10th Cir.1990); **Redmon v. United States**, 934 F.2d 1151,1155 (10th Cir. 1991); and **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir.1994).

Summary judgment may be granted as to a "separate claim." A "separate claim"is a claim that is entirely distinct from other claims involved in an action and which

arises from a different occurrence or transaction which forms the basis of separate units of judicial action. **Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.**, 64 F.R.D. 536, 538 (N.D. Ill.1974).  Even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment.  **Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), *cert. denied*, 423 U.S. 873 (1975).  In such a circumstance, a court may deny summary judgment in exercising its discretion to shape the case for trial to achieve a more orderly, efficient or expeditious handling of the entire litigation.  **Powell**, 506 F.2d at 763.

### III.  CONCLUSION & ORDERS

I find that there are a variety of contested issues of material fact relating to many of the claims asserted by the seven individual plaintiffs.  On the other hand, I conclude that the evidence in support of some of the elements of some of the individual plaintiffs' claims is thin to nonexistent.  Assuming *arguendo* that the defendant may be entitled to judgment on some of the claims asserted by some of the individual defendants, it is not mandatory that I grant partial summary judgment on all such claims.  The plaintiffs' claims are similar to each other and are somewhat complex.  The theories of liability are intricately intertwined, and they present concatenated issues of fact and law.  **See Powell,** 506 F.2d at 765.  The piecemeal resolution of the issues raised by the parties' will not significantly simplify or extenuate the evidence at trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant's motion for summary judgment [#90], filed December 30, 2005, is **DENIED**; and

2. That the plaintiff's **Motion for Partial Summary Judgment on the Issue of Liability** [#91], filed on December 30, 2005, is **DENIED**.

Dated April 25, 2006, at Denver, Colorado.

                                             **BY THE COURT:**

                                             **s/ Robert E. Blackburn**
                                             **Robert E. Blackburn**
                                             **United States District Judge**