**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01384-REB-CBS

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS, and
RICHARD LEE SISEMORE,

     Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

     Defendant.

## ORDER CONCERNING DEFENDANT'S MOTION TO CONTINUE TRIAL

**Blackburn, J**

This matter is before me on the defendant's **Motion to Strike Trial Date Due to the Unforeseeeable Illness of a Key Defense Witness** [#164], filed April 26, 2006. The plaintiffs have filed a response. I grant the motion.

The trial of this case is set to begin on May 15, 2006. The defendant, USIS Commercial Services, Inc., notes that the plaintiff intends to rely on opinion testimony of Professor Glenn Beamer. USIS retained Dr. John Michael to provide opinion testimony in response to Professor Beamer's analysis. On April 17, 2006, the defendant learned that Dr. Michael had been hospitalized. The defendant has submitted a report from a physician who recently examined Dr. Michael. This physician indicates that it is unlikely that Dr. Michael will be well enough to provide assistance to defendant's counsel in

preparing for Dr. Michael's testimony, and in presenting such testimony at trial. The defendant seeks a continuance of the trial date because Dr. Michael's testimony is essential to its defense, and the record indicates that this likely is true.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)). "By far the most important factor . . . is the [movant's] need for a continuance and the prejudice resulting from its denial." ***West***, 828 F.2d at 1471.

There is no indication that USIS and its counsel have not been diligent in preparing for trial, including the preparation of Dr. Michael's testimony. USIS credibly indicates that it needs a continuance to ensure that it can present Dr. Michael's testimony, or the testimony of replacement experts, at trial. Again, such testimony is essential to USIS' defense. No doubt the plaintiffs, their witnesses, and the court all will be inconvenienced by a continuance granted fourteen days before trial is set to begin. Again, the need for a continuance is driven by USIS' need to present specialized opinion testimony. A continuance will give USIS additional time to procure other

experts to testify, or to permit Dr. Michael to recover, and thus will accomplish the purpose of permitting USIS to present such testimony. At this time, no reasonable alternative is available. Having carefully considered each of the relevant factors, I conclude that these factors weigh in favor of continuing the trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion to Strike Trial Date Due to the Unforeseeeable Illness of a Key Defense Witness** [#164], filed April 26, 2006, is **GRANTED**;

2. That the trial preparation conference set for May 12, 2006, at 9:00 a.m. is **VACATED**;

3. That the trial currently set to begin on May 15, 2006, at 10:30 a.m. is **VACATED**;

4. That counsel are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **May 5, 2006, at 9:30 a.m.**, to reschedule the trial preparation conference and trial; and

5. That the parties shall be prepared to provide an estimate of the number of days needed to complete the trial when they call the court on May 5, 2006.

Dated May 3, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**