**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 04-cv-01384-REB-CBS

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS, and
RICHARD LEE SISEMORE,

      Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

      Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE TRIAL

---

**Blackburn, J**

    This matter is before me on the **Plaintiffs' F. R. Civ. P. 42(b) Motion for**

**Separate and First Trial of Their "Improper Receipt of Consumer Reports" Claims**

[#174], filed May 2, 2006.  I deny the motion.

    The defendant recently filed a motion to continue the trial, currently set to begin

on May 15, 2006, because one of the defendant's key expert witnesses is ill and will be

unable to testify at trial.  All of the parties expert witnesses will present testimony

concerning the plaintiffs' claims that the consumer reports produced by the defendant

are inaccurate.  In their motion to bifurcate the trial, the plaintiffs propose that the

claims that do <u>not</u> require proof of an inaccuracy in their consumer reports be tried

separately at a trial beginning on May 22, 2006.  These claims do not require testimony

from any of the expert witnesses designated by the parties.  The plaintiffs propose that

their remaining claims, claims alleging an inaccuracy in their consumer reports, be tried

at a later trial.  As the plaintiffs note, such a bifurcation will "require a re-working of the

schedule of witnesses, reconsideration of objections to exhibits, . . . redrafting of jury

instructions and verdict forms," and rearrangement of the plaintiffs' work schedules.

*Motion for separate and first trial*, p. 4.

Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid

prejudice, or to further convenience or economy, always preserving inviolate the parties'

Seventh Amendment right to trial by jury.  "The district courts have broad discretion in

deciding whether to sever issues for trial and the exercise of that discretion will be set

aside only if clearly abused."  ***Green Const. Co. v. Kansas Power & Light Co.***, 1 F.3d

1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).  Each of the

plaintiffs' claims in this case is based on the requirements of the Fair Credit Reporting

Act, the reporting system used by the defendant, and the circumstances of the trucking

industry.  Given these similarities among the plaintiffs' claims, and the circumstances

noted in paragraph four of the plaintiffs' motion, I find that it would be most expeditious

to resolve all of the plaintiffs' claims at one trial.  Bifurcation of the trial would not

substantially promote expedition and economy.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' F. R. Civ. P. 42(b) Motion for**

**Separate and First Trial of Their "Improper Receipt of Consumer Reports" Claims**

[#174], filed May 2, 2006, **IS DENIED**.

Dated May 3, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge