**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01384-REB-CBS

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS,
RICHARD LEE SISEMORE, and
KENNETH HINZMAN,

    Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

    Defendant.

---

**ORDER CONCERNING PLAINTIFFS' MOTION IN
LIMINE RE: ADVICE OF COUNSEL**

---

**Blackburn, J**

This matter is before me on the plaintiffs' **Motion in Limine Re: Evidence of Knowledge of DAC Regarding the Fair Credit Reporting Act Based Upon Advice of Legal Counsel, or, in the Alternative, Motion to Compel Production of Documents** [#84], filed December 21, 2005.  The defendant has filed a response and the plaintiffs have filed a reply.

One of the issues in this case is whether the defendant, DAC or USIS, wilfully violated the requirements of the Fair Credit Reporting Act (FCRA).  As the plaintiffs note, good faith reliance on the advice of counsel is a factor a jury may consider when

determining whether a defendant acted wilfully.  **See U.S. v. Wenger**, 427 F.3d 840, 853 (10th Cir. 2005).  The defendant has said repeatedly that it will not rely on advice of counsel as a defense in this case, and says that DAC will not "ask questions to obtain answers that they [DAC employees] relied upon the advice of counsel . . . ."  *Motion in limine* [#84], filed December 21, 2005, p. 5.

The plaintiffs note that several current and former DAC employees have made statements in depositions indicating that they relied on the advice of counsel to ensure DAC's compliance with the FCRA.  In discovery, the plaintiffs sought production of all letters, memoranda, reports, or other documents, including those authored by attorneys from whom DAC sought advice, which reflect advice to DAC regarding the compliance with the FCRA of DAC's system for collecting, storing, and selling statements about truck drivers, including its Termination Record Form.  *Id*., p. 3.  DAC produced no documents in response.  Rather, it asserted that the documents sought by the plaintiff are protected by the attorney-client privilege and the attorney work product doctrine.

At this point, DAC is precluded from relying on an advice of counsel defense.  The Plaintiffs, however, continue to fear that testimony concerning advice given to DAC employees or principals by DAC attorneys will be given by trial witnesses who are or were DAC employees or principals.  This fear is based on the deposition testimony of such witnesses.  Despite the absence of a formal advice of counsel defense, such evidence could be seen by a jury as relevant to the plaintiffs' claim that DAC wilfully violated the FCRA, and possibly as relevant to the plaintiffs' claim that DAV negligently violated the FCRA.

The plaintiffs argue that the only way to permit DAC to preserve its claimed attorney-client privilege while providing the plaintiffs a fair trial on their wilful violation

claims is to foreclose DAC from submitting evidence related to DAC's knowledge of the FCRA that was obtained from attorneys employed or retained by DAC.  The plaintiffs assert that admitting evidence about attorney advice given to DAC without permitting the plaintiffs to have discovery concerning that advice is improper.

It would not be proper for DAC to shield information about the advice it received from its attorneys, by claiming the protections of attorney-client privilege and the attorney work product doctrine, while also permitting DAC to selectively disclose advice from its attorneys at trial.  DAC cannot use these privileges as both a shield and a sword.  **See, e.g., In re EchoStar Communications Corp**.,  448 F.3d 1294, 1301 (C.A. Fed. 2006) (privilege waived when attorney advice is used to establish a defense; selective waiver to protect unfavorable advice but reveal favorable advice not permissible; when party defends its actions by disclosing attorney-client communication, it waives privilege as to all such communications regarding same subject matter).

Here, DAC clearly has chosen the shield and, thus, has denied the plaintiffs any discovery concerning the advice given to DAC by its attorneys concerning the FCRA.  In these circumstances, it would improper to permit DAC to introduce testimony or other evidence concerning the advice DAC or its employees received from counsel while prohibiting the plaintiffs from having discovery about that advice.  This would permit DAC to use the advice of its counsel as a sword, while permitting it selectively to retain the shield of privilege.

Ultimately, the plaintiffs ask that I limit evidence concerning DAC's knowledge of the FCRA to evidence of such knowledge gained from reading the FCRA, related regulations, and the Tenth Circuit's opinion in **Cassara v. DAC Services**, 276 F.3d

1210 (10th Cir. 2002). Such a limitation is too broad. However, I conclude that DAC should not be permitted to selectively admit evidence concerning the advice it received from its counsel concerning the FCRA.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiffs' **Motion in Limine Re: Evidence of Knowledge of DAC Regarding the Fair Credit Reporting Act Based Upon Advice of Legal Counsel, or, in the Alternative, Motion to Compel Production of Documents** [#84], filed December 21, 2005, is **GRANTED** in part;

2. That the defendant is **PRECLUDED** from admitting testimony or other evidence at trial that reflects the advice the defendant received from its counsel concerning compliance with the requirements of the Fair Credit Reporting Act as the Act relates to DAC's system for collecting, storing, and selling information about truck drivers, including DAC's Termination Record Form;

3. That the plaintiffs' **Motion in Limine Re: Evidence of Knowledge of DAC Regarding the Fair Credit Reporting Act Based Upon Advice of Legal Counsel, or, in the Alternative, Motion to Compel Production of Documents** [#84], filed December 21, 2005, otherwise is **DENIED**.

Dated July 28, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**