**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01384-REB-CBS

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS,
RICHARD LEE SISEMORE, and
KENNETH HINZMAN,

      Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

      Defendant.

---

**ORDER CONCERNING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF OOIDA & MOTION TO SEVER TRIALS**

---

**Blackburn, J**

This matter is before me on the following motions: 1) **Defendant's Motion to Strike Owner-Operator Independent Driver Association, Inc. as a Party Plaintiff, with Brief in Support** [#145], filed April 4, 2006; and 2) **Defendant's motion to Sever Trial and Proceed with Each Plaintiff's Claims Separately, and Request for Expedited Briefing Schedule, With Brief in Support** [#173], filed May 1, 2006. The motion to strike is granted, and the motion to sever is denied.

## I.  BACKGROUND

Plaintiff Owner-Operator Independent Driver Association, Inc. (OOIDA) is a business association of professional truck drivers.  The other plaintiffs are individual truck drivers.  Defendant, USIS Commercial Services, Inc., generally known as DAC, is an investigation and security services company.  DAC gathers and disseminates information regarding truck drivers' employment histories.  The individual plaintiffs allege that they "have been the subject of inaccurate consumer reports transmitted by carriers, without notice to them and without their permission, to USIS, followed by inaccurate consumer reports re-transmitted by USIS to other carriers."  *First Amended Complaint*, ¶ 36.  The plaintiffs allege that these inaccurate reports violate the requirements of the Fair Credit Reporting Act (FCRA).  The plaintiffs seek damages and other relief under the FCRA.

## II.  MOTION TO STRIKE

In its motion to strike the OOIDA as a plaintiff, the defendant argues that OOIDA does not have standing to assert the claims at issue in this case.  Standing raises jurisdictional issues, and the issue must be considered to determine whether there is an Article III case or controversy involving OOIDA.  I view this motion as a motion to dismiss a putative party for lack of standing.

An association has standing to bring claims on behalf of its members if the following elements of "associational standing" are present: (1) the association's members have standing to sue in their own right; (2) the interests that the association seeks to protect are germane to the organization's purpose, and (3) neither the claim nor the relief requested requires that individual members of the association participate in the lawsuit.  **See *Hunt v. Washington State Apple Advertising Commission***, 432

U.S. 333, 343 (1977); ***Kansas Health Care Association, Inc. v. Kansas Department of Social and Rehabilitation Services***, 958 F.2d 1018, 1021 (10th Cir. 1992).

> Even in the absence of injury to itself, an association may have standing solely as the representative of its members. . . . The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. . . . So long as this can be established, and so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.
>
> \* \* \* \*
>
> (W)hether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.

***Hunt***, 432 U.S. at 342-343 (internal quotation and citations omitted).

The defendant argues that OOIDA does not have standing in this case because the claims and the relief requested require that individual members of the association participate in this suit. I agree. On March 29, 2006, I entered an order [#148] denying the plaintiffs' motion for class certification. I concluded in that order that the claims of the individual plaintiffs "present a varying array of factual issues, and concomitant legal issues, that are fundamental to each plaintiff's FCRA claims." *Order* [#148], filed March 29, 2006. I found that this case is not proper for certification as a class action because "questions of fact and law affecting the individual plaintiffs predominate over questions of law or fact that are common to the members of the proposed class." *Id*. Specifically, each of the individual plaintiffs has distinct factual and legal issues

concerning the alleged inaccuracy of their DAC reports and the harm allegedly caused by the inaccuracy. These issues require individualized proof relevant to each plaintiff. One or both of these distinct issues are relevant to each of the plaintiffs' claims.

In this case, the nature of the claim and of the relief sought makes the individual participation of each injured party indispensable to proper resolution of the case. Under the standard outlined in *Hunt*, the required individual participation of the individual plaintiffs undermines the standing of the OOIDA to seek relief on behalf of its members. Given the posture of this case, the members must seek relief via their individual participation in this lawsuit, and not via their association.

To the extent the plaintiffs seek injunctive relief, and that relief might be seen as potentially applying to individuals other than the plaintiffs, I conclude that the plaintiffs' request for injunctive relief does not create standing for OOIDA. The plaintiffs' claims have some similarities, but they also have distinct individual issues. On the current record, I conclude that there is no likelihood that the plaintiffs can establish an entitlement to injunctive relief that extends beyond the individual plaintiffs. Further, even if there were such a potential, the issue of injunctive relief is an issue for the court, and not the jury. This would preclude OOIDA's participation in the trial of issues being tried to a jury.

### III.  SEVERANCE

In its motion for severance, the defendant asks that I sever the trial of each named plaintiff and proceed with separate trials for each plaintiff. Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to

sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).  Each of the plaintiffs' claims in this case is based on the requirements of the Fair Credit Reporting Act, the reporting system used by the defendant, and the circumstances of the trucking industry.  Given these similarities among the plaintiffs' claims, I find that it would be most expeditious to resolve all of the plaintiffs' claims at one trial.  Although each of the plaintiffs' claims will require individualized poof of an inaccuracy in their DAC report, damages, and causation, other common factual and legal issues can be handled most efficiently in one trial.  Bifurcation of the trial would not substantially promote expedition and economy.

The defendant's request for an expedited briefing schedule on this issue was mooted when the original trial date in this case was reset.  I deny the defendant's request for an expedited briefing schedule as moot.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion to Strike Owner-Operator Independent Driver Association, Inc. as a Party Plaintiff, with Brief in Support** [#145], filed April 4, 2006, read as a motion to dismiss for lack of standing, is **GRANTED**;

2. That the claims of plaintiff Owner-Operator Independent Driver Association, Inc. (OOIDA) are **DISMISSED** because OOIDA does not have standing to assert those claims in this case;

6

    3.  That plaintiff Owner-Operator Independent Driver Association, Inc. is **DROPPED** as a named plaintiff, and the case caption in future filings shall be so amended; and

    4.  That the **Defendant's motion to Sever Trial and Proceed with Each Plaintiff's Claims Separately, and Request for Expedited Briefing Schedule, With Brief in Support** [#173], filed May 1, 2006, is **DENIED**.

    Dated July 28, 2006, at Denver, Colorado.

                                    **BY THE COURT:**

                                    **s/ Robert E. Blackburn**
                                    **Robert E. Blackburn**
                                    **United States District Judge**