**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-RB-1384 (CBS)

OWNER-OPERATOR INDEPENDENT DRIVER ASSOCIATION, INC.,
SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS,
RICHARD LEE SISEMORE, and
KENNETH HINZMAN,

    Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

    Defendant.

---

**ORDER CONCERNING PLAINTIFFS' MOTION TO STRIKE
PREVIOUSLY UNDISCLOSED TRIAL WITNESSES**

**Blackburn, J**

This matter is before me on the following motions: 1) **Plaintiffs' Motion to Strike Previously Undisclosed Trial Witnesses** [#135], filed March 13, 2006; 2) defendant's **Motion in Limine to Preclude Plaintiffs from Offering Certain Evidence of Damages, with Brief in Support** [#204], filed June 27, 2006; and 3) defendant's **Motion in Limine to Preclude Plaintiffs from Offering Evidence of Termination Record Forms Prepared by Motor Carriers in Which Plaintiffs Never Worked or**

**Applied, with Brief in Support** [#224], filed July 28, 2006. I have considered each of the motions and the concomitant responses and replies. I deny the motions.

Undisclosed Trial Witnesses

The plaintiffs seek to preclude the defendant from presenting testimony at trial of six specific witnesses. Each of these witnesses is a representative of a trucking company. The trucking companies each employed one of the plaintiffs during the time relevant to this case. The plaintiff argues that these witnesses should be precluded from testifying at trial because the defendant never disclosed these witnesses prior to the close of discovery in this case, in violation of FED. R. CIV. P. 26(e).

The defendant does not argue that these witnesses were included specifically in its Rule 26 disclosures. However, the defendant notes that each of the trucking companies, which the witnesses represent, was discussed in the depositions of the individual plaintiffs. Again, the trucking companies were the former employers of the plaintiffs, and it is these companies' use of the defendant's reporting forms that is the primary basis for the plaintiffs' claims in this case. Further, an affidavit of each of the witnesses was included with the defendant's motion for summary judgment [#90], filed December 30, 2005. In the Final Pretrial Order [#137], filed March 16, 2006, the defendant indicates that these witnesses will testify concerning the subjects in their affidavits.

On the current record, I conclude that the defendant's failure to disclose the six witnesses was a technical violation of the requirements of Rule 26(a). The plaintiffs' knowledge of the identity of their former employers, and the mention of those employers in the plaintiffs' depositions, does not satisfy the defendant's Rule 26

disclosure obligations.  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that when a party fails to make a disclosure required by Rule 26, that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless.  Determining whether a Rule 26 violation is justified or harmless is entrusted to the court's discretion. ***Woodworker's Supply, Inc. v. Principal Mut. Life Ins.***, 170 F.3d 985, 993 (10th Cir. 1999).  Generally, four factors are considered to be relevant to these determinations: 1) the unfair prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness.  ***Id***. I have considered each of these factors carefully.

Here, I conclude that only minimal surprise and prejudice will be suffered by the plaintiffs if the six witnesses testify at trial, and any surprise and prejudice readily can be cured.  From the outset of this case, the trucking companies' use of the defendant's Termination Record Form has been a key issue.  The particular trucking companies that employed the plaintiffs long have been known to the plaintiffs and were discussed in the plaintiffs' depositions.  The plaintiffs have been aware of the identity of the six individuals who will act as representatives of those companies since at least December 30, 2005, when the affidavits of these witnesses were filed in this case.  In addition, the plaintiffs have been aware of the subject and tenor of their testimony since that time. Thus, there is little surprise in the testimony of these witnesses.

The plaintiffs complain that they have not had an opportunity to depose these witnesses prior to trial.  That inability is somewhat prejudicial, but that prejudice can be

extenuated effectively if not eliminated altogether. The plaintiffs have been aware of the identity of the trucking companies and the issues that will be addressed by these witnesses since before this case was filed. The plaintiffs have been aware of the nature of the witnesses' testimony since December 30, 2005. Knowing the factual and legal issues as they do, the plaintiffs have an ample basis to develop quickly a critical examination of the testimony of these witnesses. Further, after presentation of the witnesses' testimony on direct examination, the court will permit a brief but adequate recess to allow the plaintiffs to prepare for their cross-examination of these witnesses. Finally, the plaintiffs will have a full and fair opportunity for cross-examination, which Wigmore described aptly as "beyond any doubt the greatest legal engine ever invented for the discovery of truth." 5 Wigmore, Evidence § 1367 at p. 32 (Chadbourn rev. 1974).

In the context of this case, the measures outlined above will give the plaintiffs a fair and reasonable opportunity to evaluate and address the testimony of these witnesses at trial, extenuating any unfair surprise and prejudice. Further, I conclude that the introduction of this testimony will not disrupt the trial of this case significantly, and there is no evidence in the record to indicate that the defendant acted willfully or in bad faith in failing to disclose these witnesses.

<u>Damages and Termination Record Form Evidence</u>

The defendant's motion in limine concerning certain evidence of damages [#204] and the defendant's motion in limine concerning evidence of Termination Record Forms [#225] both address issues that are evidence driven. These issues cannot be resolved properly until the evidentiary landscape takes shape at trial. As I have noted previously

in this case, I specifically discourage the filing of such motions in my Practice Standards.  REB Civ. Practice Standard V.F.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion to Strike Previously Undisclosed Trial Witnesses** [#135], filed March 13, 2006, is **DENIED**;

2.  That the defendant's **Motion in Limine to Preclude Plaintiffs from Offering Certain Evidence of Damages, with Brief in Support** [#204], filed June 27, 2006, is **DENIED**; and

3.  That the defendant's **Motion in Limine to Preclude Plaintiffs from Offering Evidence of Termination Record Forms Prepared by Motor Carriers in Which Plaintiffs Never Worked or Applied, with Brief in Support** [#224], filed July 28, 2006, is **DENIED**.

Dated August 9, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**