**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-RB-1384 (CBS)

SHANE PAUL,
STEVEN BUSSONE,
DALE STEWART,
WILLIAM MECK,
WALT WILLIAMS,
JEFF MATHEWS, and
RICHARD LEE SISEMORE,

      Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC., d/b/a DAC SERVICES,

      Defendant.

## ORDER CONCERNING DEFENDANT'S MOTION IN LIMINE RE: WALT WILLIAMS

**Blackburn, J**

      This matter is before me on the defendant's **Motion in Limine to Bar Testimony, Argument, or Evidence About Plaintiff Walt Williams, with Brief in Support** [# 196], filed June 16, 2006. The plaintiffs have filed a response and the defendant has filed a reply. Read as a motion to dismiss for lack of standing, the motion is granted.

      Plaintiff Walt Williams asserts claims under the Fair Credit Reporting Act (FCRA) based on the defendant's receipt of various Termination Record Forms (TRF) from Williams' former employers. The defendant argues that all evidence concerning Williams' claim should be excluded from evidence at trial because Williams does not

have standing to assert his FCRA claims because those claims never were listed as assets in a Chapter Seven bankruptcy proceeding initiated by Williams and his wife. Because Williams' FCRA claims are property of the bankruptcy estate, the defendant argues, Williams does not have standing to assert those claims in this case. I agree.

I note that standing raises a question of jurisdiction, and, thus, this issue may be raised by the parties or the court at any time. **Wilson v. Glenwood Intermountain Properties, Inc**., 98 F.3d 590, 592-593 (10th Cir. 1996). I must consider the standing issue to ensure that Williams' claim presents a case or controversy under Article III of the Constitution. **Rector v. City & County of Denver**, 348 F.3d 935, 942 (10th Cir. 2003). Absent standing, there is no Article III case or controversy, and this court does not have subject matter jurisdiction over the claims asserted by Williams. **Wilson**, 98 F.3d at 593. The party who invokes federal jurisdiction, here Williams, bears the burden of establishing standing. **Rector**, 348 F.3d at 942. Standing must be established by a preponderance of the evidence. **Krim v. Pcorder.com, Inc**., 402 F.3d 489, 494 n. 21 (5th Cir. 2005).

The TRFs on which Williams' claims are based were received by defendant USIS between November 18, 1997, and September 13, 2003. Williams filed his Chapter Seven bankruptcy petition on May 20, 2004, and was granted a discharge on September 9, 2004. Williams learned about this lawsuit in the Fall of 2004, and was added as a named plaintiff on March 2, 2005. *Motion in limine*, pp. 1-2.

USIS argues that the facts that form the basis of Williams' FCRA claims all occurred before Williams filed his bankruptcy petition. Claims that existed when Williams filed his bankruptcy petition became property of the bankruptcy estate, 11

U.S.C. § 541, but Williams never listed the claims as assets. Williams argues that his FCRA claims did not arise until he learned of the possibility that he might have colorable FCRA claims, and that he did not learn of his possible claims until after he had filed his bankruptcy petition. Generally, a claim that arises after the debtor's petition was filed in not property of the bankruptcy estate. While Williams' knowledge of his claims may be relevant for the purpose of the statute of limitations, I conclude that his FCRA claims, whether known to Williams or not, existed prior to the filing of his petition, and, thus, became property of his bankruptcy estate, because the facts that are the basis of his claims occurred pre-petition. For the purpose of § 541 of the Bankruptcy Code, a claim or cause of action has accrued when all of the "elements of the cause of action had occurred as of the time the bankruptcy case was commenced, so that the claim is sufficiently rooted in the debtor's prebankruptcy past." *In re Alipour*, 252 B.R. 130, 135 (Bankr. M.D. Fla. 2000).

In an unpublished, but instructive, opinion, the United States Court of Appeals for the Tenth Circuit addressed a similar set of circumstances. *Clark v. Trailiner Corp*, 242 F.3d 388 (10th Cir. 2000) (unpublished). In *Clark*, the court held that a plaintiff does not have standing to pursue a FCRA claim if that claim arose before the plaintiff filed a bankruptcy petition, and the claim never was scheduled as an asset in the bankruptcy. *Id*. Assets not properly scheduled remain property of the bankruptcy estate even after the estate is closed, and the debtor loses all rights to enforce any unscheduled legal claim in his or her own name. *Id*. at *1 (citations omitted). Williams is in precisely the same circumstances, and he too does not have standing to pursue his FCRA claims that remain property of his bankruptcy estate.

Williams argues that some aspects of his claims arose after his bankruptcy petition was filed, and that he has standing to pursue those claims. First, Williams notes that some of his claims that USIS reports about him were inaccurate are based on two inaccurate reports allegedly published by USIS in the Spring of 2004. *Reply*, p. 8. Williams has not specified more particular publication dates. Williams' bankruptcy petition was filed on May 20, 2004, after about two-thirds of the Spring of 2004, had passed. While it is possible that these two reports were published in the 30 days of Spring that remained after Williams' bankruptcy petition was filed, Williams has not established such facts. Facing a challenge to his standing, Williams has not shown by a preponderance of the evidence that these claims are based on events that took place after his bankruptcy petition was filed. Rather, the record leaves the court to speculate or guess whether or not these reports were published before or after Williams' bankruptcy petition was filed. Williams has not established by a preponderance of the evidence that he has standing to pursue these claims.

Second, Williams argues that his FCRA claims are based, in part, on a TRF submitted to USIS by C.R. England on March 29, 2005, well after Williams' bankruptcy petition was filed. This report, however, was submitted to USIS after the operative complaint was filed on March 2, 2005. USIS argues that, absent amendment of the complaint, Williams cannot base his claims on an allegedly unlawful action taken after the complaint was filed. I agree. **See A.C. Becken Co. v. Gemex Corp.**, 314 F.2d 839, 842 (7th Cir. 1963) (plaintiff can recover damages accruing after suit filed if they were a consequence of acts done before suit was filed and which acts are part of the claim asserted).

4

Williams also challenges USIS' standing arguments on various procedural bases. I conclude that those arguments do not surmount or vitiate Williams' lack of standing. Again, standing is a jurisdictional issue, which may be raised at any time. Absent subject matter jurisdiction, this court simply does not have the authority to hear Williams' claims. Jurisdiction cannot be conferred on the court by agreement of the parties or by waiver of an issue by a party. ***See, e.g., Wilson v. Glenwood Intermountain Properties, Inc***., 98 F.3d 590, 593 (10th Cir. 1996) (jurisdiction cannot be conferred by agreement of the parties).

I have considered carefully the record in this case and the arguments advanced and authorities cited by the parties. I conclude that plaintiff Walt Williams has not demonstrated that he has standing to pursue any of the FCRA claims he has asserted in this case. Absent standing, Williams' claims do not present a case or controversy under Article III, and this court does not have subject matter jurisdiction over Williams' claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion in Limine to Bar Testimony, Argument, or Evidence About Plaintiff Walt Williams, with Brief in Support** [# 196], filed June 16, 2006, read as a motion to dismiss for lack of jurisdiction, is **GRANTED**;

2. That the claims asserted by plaintiff Walt Williams are **DISMISSED** for lack of subject matter jurisdiction; and

3. That plaintiff Walt Williams is **DROPPED** as a named plaintiff, and the caption in future filings shall amended accordingly.

Dated August 17, 2006, at Denver, Colorado.

6

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**