**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No 04-cv-01384-REB-CBS

SHANE PAUL,
WILLIAM MECK,
JEFF MATHEWS, and
RICHARD LEE SISEMORE,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

USIS COMMERCIAL SERVICES, INC. d/b/a DAC Services, an Oklahoma corporation

      Defendant.

---

**ORDER GRANTING MOTION TO REVIEW TAXATION OF COSTS**

---

This matter is before me on the following motions: 1) **Defendant's Motion for Reimbursement of Expenses To Preserve Documentation per Plaintiffs' Demand** [#290], filed September 19, 2006; and 2) defendant's **Request for and Brief in Support of Re-Taxing Costs** [#297], filed October 18, 2006.  The plaintiffs filed responses [#294 & #301] to both motions and the plaintiff filed replies [#300 & #305].  I deny the motion for reimbursement of expenses.  The motion for re-taxation of costs is granted in part and denied in part.

**I. MOTION FOR REIMBURSEMENT**

In its motion for reimbursement of expenses [#290], the defendant seeks reimbursement for the cost of preserving a large volume of computerized information, as demanded by the plaintiffs.  Defendant, USIS, claims the plaintiffs imposed an unreasonable burden on USIS when the plaintiffs demanded that USIS preserve the information in all databases maintained by USIS, any and all e-mail, and other broad categories of information.  USIS says its incurred costs of over 292,000 dollars to preserve this computerized information.

At the outset of a lawsuit, each party had a duty to preserve information that is or may be relevant to the lawsuit, or which reasonably may lead to the discovery of admissible evidence. See, e.g., **Computer Associates Intern., Inc. v. American Fundware, Inc.**, 133 F.R.D. 166, 169 (D. Colo. 1990). A party has no duty to preserve information that is not discoverable, and the judgment about what information should be preserved is to be made by the party in possession of the information. A demand that information not subject to discovery be preserved does not trigger a duty to preserve that information. The cost of preserving this information does not fall within the categories of costs defined in 28 U.S.C. § 1920. An award of such costs would be in the nature of a sanction.

Here, the plaintiffs demanded in correspondence that USIS preserve huge amounts of computerized information. The parties were not able to agree on a narrowed scope of information to be preserved. USIS, like all parties, was left to make a reasonable judgment about what information must be preserved. In this context, I conclude that the plaintiffs' demand, though arguably unreasonable, was not abusive to the extent that sanctions are justified. The **Defendant's Motion for Reimbursement of Expenses To Preserve Documentation per Plaintiffs' Demand** [#290], filed September 19, 2006, should be denied.

## II.  RE-TAXATION OF COSTS

Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). The type of costs that can be awarded is governed by 28 U.S.C. § 1920. "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." **Id**. Costs also must be reasonable.

The taxation of costs under § 1920 is within the discretion of the court. See, e.g., **Serna**

*v. Manzano*, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980). However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. ***Cantrell v. Int'l Brotherhood of Elec. Workers***, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. *Id.* "(T)he denial of costs is in the nature of a penalty." ***Serna v. Manzano***, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." ***Klein v. Grynberg***, 44 F.3d 1497, 1507 (10th Cir. 1995); see also ***Aerotech, Inc. v. Estes***, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997). Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case. ***Mikel v. Kerr***, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974).

USIS seeks an award of costs for both the deposition transcripts and the cost of video taping the depositions of several witnesses. The costs of videotaping a deposition are taxable under § 1920(2). ***Tilton v. Capital Cities/ABC, Inc.***, 115 F.3d 1471, 1477 (10th Cir. 1997). In the context of this case, I find and conclude that it was necessary for USIS to video tape the depositions for which USIS seeks an award of costs, and that the amounts sought by USIS are reasonable. I award USIS $32,168.68 for these costs.

USIS seeks an award of costs for transcripts of pre-trial hearings held by the court. I find and conclude that USIS has not demonstrated that these transcripts were necessarily obtained for use in this case. USIS seeks an award of costs for fees for the rental of rooms in which depositions were taken. Such fees are not within the costs specified in § 1920. USIS's request for an award of costs for these two items is denied.

Prior to trial, the parties agreed to split the cost of receiving daily copy of trial transcripts. USIS now seeks an award of costs for its share of the cost of daily trial transcripts. The trial of this case was complex and lengthy, and both parties wished to receive daily transcripts. In the context of this case, I find and conclude that daily trial transcripts were necessary for use in this

case, and that the amount sought by USIS is reasonable.  I award USIS $5,973.00 for this cost.

### III.  SANCTION IMPOSED BY MAGISTRATE JUDGE SHAFFER

USIS seeks and award of $5,000.00 pursuant to the court's Minute Order [#111], filed January 25, 2006.  This Minute Order was entered by United States Magistrate Judge Craig B. Shaffer, and concerned a dispute about witness Jim Johnston.  Judge Shaffer ruled that USIS was entitled to take Mr. Johnston's deposition, and that consistent with his "ruling in Sender versus Mann, [the plaintiffs] should pay the freight up to $5,000." *Defendant's reply* [#305], filed November 22, 2006, Exhibit B (transcript of hearing held January 25, 2006), p. 38.  **Sender v. Mann** concerned a sanctions issue that is analogous to the issue addressed by Judge Shaffer in the January 25, 2006, hearing.  225 F.R.D. 645, 656 - 658 (D. Colo. 2004).  In **Sender**, Judge Shaffer awarded, as a sanction, a fixed amount of attorney fees for participation in a future deposition.  Clearly, that is the effect of Judge Shaffer's January 25, 2006, order in this case.  The plaintiffs are ordered to pay to the defendant $5,000.00, as ordered by Judge Shaffer.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Reimbursement of Expenses To Preserve Documentation per Plaintiffs' Demand** [#290], filed September 19, 2006, is **DENIED**;

2. That defendant's **Request for and Brief in Support of Re-Taxing Costs** [#297], filed October 18, 2006, is **DENIED** in part;

3. That the defendant's requests for an award of costs for transcripts of pre-trial hearings and for the cost of room rental for depositions are **DENIED**;

4. That the defendant's **Request for and Brief in Support of Re-Taxing Costs** [#297], filed October 18, 2006, otherwise is **GRANTED**;

5. That the defendant is **AWARDED** $32,168.68 for the cost of deposition transcripts and videos and $5,973.00 for daily trial transcripts;

4

     6.  That the plaintiffs are **ORDERED** to pay $5,000.00 to the defendant within eleven days of the date of this order as payment for the sanction ordered by Magistrate Judge Shaffer at the hearing held on January 25, 2006, and in his order [#111], filed January 25, 2006.

     Dated September 17, 2007, at Denver, Colorado.

                                 **BY THE COURT:**

                                 <u>**s/ Robert E. Blackburn**</u>
                                 **Robert E. Blackburn**
                                 **United States District Judge**